**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-CV-2125-JAD-VCF |
| Plaintiff, | 2:12-CV-2126-JAD-VCF |
| | 2:12-CV-2127-JAD-VCF |
| v. | **Default Judgment of Forfeiture and Final Judgment of Forfeiture** |
| $158,677.17 in United States Currency, $761,515.36 in United States Currency, and $844,586.92 in United States Currency, | |
| Defendants. | |

## I. FACTS

Ramon Desage (Desage) was engaged in an elaborate "Ponzi" scheme in which he fraudulently solicited and received tens of millions of dollars from victims. Desage falsely represented to each victim that he intended to use their investment to purchase products for resale at a substantial profit. Instead of using these investments for legitimate business investments as promised, Desage used the victims' money to repay earlier victims, to cover gambling losses, and to purchase luxury personal items for himself and others.

Five individuals and their companies provided money to Desage based on his representation that he was in the wholesale distribution business and would use these funds to purchase and sell various products to Las Vegas casinos at a profit. Desage represented to victims all the money provided to him would be used only for business purposes. The victims provided the money to Desage strictly for business purposes and not for Desage's personal expenses. The victims would not have provided Desage the funds if the victims believed Desage would use the funds for personal expenses or to repay other victims.

/ / /

Desage lulled victims and convinced them to make additional payments of money to him by making small periodic payments to them, but he rarely paid them back in full and rarely paid the rate of return he initially promised.

Desage used several business entities to facilitate his fraud. These entities include, but are not limited to, Cadeau Express, Inc. (Cadeau); Beryt Promotions, LLC (Beryt); Planet Hollywood Promotions, LLC; and Merits Incentives, LLC. Desage used multiple bank accounts to facilitate his fraud. Many of these bank accounts were controlled jointly with Gary Parkinson (Parkinson). Parkinson was a Desage employee and was Vice President of Finance for Desage's businesses. All wire transfers into or out of Bank of Nevada accounts leave the State of Nevada during the transaction. The wire transfers of money currently go through the Federal Reserve Bank in Minneapolis, Minnesota. Prior to using the Minneapolis Federal Reserve Bank, Bank of Nevada used the Federal Reserve Bank in Los Angeles, California, to accomplish wire transfers.

Desage maintained an extravagant lifestyle, including the purchase of several luxury vehicles and homes in Las Vegas for himself and others, the accrual of millions of dollars of gambling losses to Las Vegas casinos, and the use of private jets for both domestic and international travel. Desage was a prodigious gambler. Since 2006, Desage lost in excess of $20 million to various Las Vegas casinos.

All of the fraudulent transactions were conducted to and from the Cadeau Bank of America account xxxxxxx1097, the Cadeau Wells Fargo account xxxxxx3034, the Bank of America Desage account xxxxxxxx1136, the Cadeau Bank of Nevada Account Number xxxxxx6157, the Beryt Bank of Nevada Account xxxxxx6408, the Desage Bank of Nevada Account Number xxxxxx4709, and the Cadeau Cathay Bank Account xxxx0010, all controlled by Ramon Desage. All of the payments from the above accounts to any of the Las Vegas casinos were in satisfaction of gambling debts.

Based on all the bank accounts controlled by Desage, from on or about May 2, 2005, to on or about March 31, 2011, H.FO. provided Desage with $20,464,507.89. Desage
/ / /

paid back to H.FO. $21,528,163.27. H.FO. received $1,063,655.38 more than what he provided to Desage.

Based on all the bank accounts controlled by Desage, from on or about October 19, 2006, to on or about June 22, 2012, H.F. provided Desage with $81,633,000. Desage paid back to H.F. $68,788,000. Desage used $1,225,462.47 to purchase product to sell. H.F.'s loss was $11,619,537.53. Of the bank accounts the government seized H.F. provided Desage with $13,275,000. Desage paid back H.F. $1,165,000. Desage used $1,225,462.47 to purchase product to sell. H.F.'s loss is $10,844,537.53.

Based on all the bank accounts controlled by Desage, from on or about February 13, 2009, to on or about September 20, 2011, J.H. provided Desage with $26,801,000. Desage paid back to J.H. $30,503,595. J.H. received $3,702,595 more than what he provided to Desage.

Based on all the bank accounts controlled by Desage, from on or about May 13, 2005, to on or about January 14, 2010, H.V. provided Desage with $49,062,762.71. Desage paid back to H.V. $37,658,160.20. Desage used $1,751,928.83 to purchase product to sell. H.V's loss was $9,652,673.68. Of the bank accounts the government seized H.V. provided Desage with $5,580,000. Desage paid back H.V. $831,700. Desage used $1,751,928.83 to purchase product to sell. H.V.'s loss is $2,996,371.17.

Based on the three seized accounts controlled by Desage, from on or about May 17, 2011, to on or about June 6, 2012, W.R. provided Desage with $62,601,531.50. Desage paid back W.R. $29,071,299.54. Desage used $1,433,816.66 to purchase product to sell. W.R.'s loss is $32,096,415.30.

## II. PROCEDURE

On November 20, 2019, the United States filed a verified Amended Complaint for Forfeiture in Rem, ECF No. 28, alleging the $158,677.17; $761,515.36; and $844,586.92 (defendant property):

    a.  constitutes or is derived from proceeds traceable to violations of 18

        U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§

1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

    b.  was involved in transactions or attempted transactions in violations of 18 U.S.C. § 1956, or any property traceable to such property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

    c.  constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

    d.  was involved in transactions or attempted transactions in violations of 18 U.S.C. § 1957, or any property traceable to such property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

    e.  constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

On November 21, 2019, the Court entered an Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 31, and the Clerk issued the Amended Summons and Warrant of Arrest in Rem, ECF No. 32.

Pursuant to the Amended Order, ECF No. 31, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the Amended Complaint, ECF No. 28, the Amended Order, ECF No. 31, the Amended Summons and Warrant, ECF No. 32, and the Notice of Amended Complaint for Forfeiture. Notice was published according to law.

Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons or entities interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identified the specific property claimed, (b) identified

the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice was sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Amended Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Daniel D. Hollingsworth, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. Amended Complaint, ECF No. 28; Amended Order for Summons and Warrant, ECF No. 31; Amended Summons and Warrant, ECF No. 32.

On February 13, 2013, the Internal Revenue Service (IRS) served the Complaint, the Order for Summons and Warrant, the Summons and Warrant, and the Notice by executing them on the defendant property. Notice of Filing Take Into Custody, ECF No. 14.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from December 4, 2019, through January 2, 2020. Notice of Filing Proof of Publication, ECF No. 41.

On January 3, 2020, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on MGRS Holding Limited Partnership c/o Registered Agent, Law Offices of David R. Straus LLC. Notice of Filing Service of Process, ECF No. 42-1, p. 3, 22-23, 25-102.

On January 2, 2020, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and

/ / /

5

the Notice on Herbert Frey. Notice of Filing Service of Process, ECF No. 42-1, p. 4, 20-21, 25-102.

On January 2, 2020, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Block 16, LLC, c/o Registered Agent, Yvette E. Landau. Notice of Filing Service of Process, ECF No. 42-1, p. 5, 20-21, 25-102.

On January 2, 2020, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Block 16, LLC, c/o Managing Member, Melissa Richardson Akkaway. Notice of Filing Service of Process, ECF No. 42-1, p. 6, 20-21, 25-102.

On December 31, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Jacob (Yakov) Hefetz (Hefetz). Notice of Filing Service of Process, ECF No. 42-1, p. 7, 18-19, 25-102.

On November 26, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on William Richardson Trust c/o Attorney: David Chesnoff. Notice of Filing Service of Process, ECF No. 42-1, p. 8, 16-17, 25-102.

On November 26, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on AW Financial Group, LLC, c/o Attorney: Hutchinson & Steffan, Attn. Patricia Lee. Notice of Filing Service of Process, ECF No. 42-1, p. 9, 16-17, 25-102.

On November 26, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Harvey Vechery c/o Attorney: Hutchinson & Steffan, Attn. Patricia Lee. Notice of Filing Service of Process, ECF No. 42-1, p. 10, 16-17, 25-102.

On November 26, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and

the Notice on William Richardson, c/o Attorney: David Chesnoff. Notice of Filing Service of Process, ECF No. 42-1, p. 11, 16-17, 25-102.

On November 26, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Block 16, LLC, c/o Managing Member, William R. Richardson, c/o Attorney: David Chesnoff. Notice of Filing Service of Process, ECF No. 42-1, p. 12, 16-17, 25-102.

On December 9, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Fodor Development c/o Registered Agent, Alan C. Sklar. Personal service occurred at the office of Attorney David Chesnoff due to Fodor Development no longer being an active corporation. Notice of Filing Service of Process, ECF No. 42-1, p. 13, 16-17, 25-102.

On December 9, 2019, the IRS personally served the Amended Complaint, the Amended Order for Summons and Warrant, the Amended Summons and Warrant, and the Notice on Fodor Development c/o Manager, Marcella Fodor. Personal service occurred at the office of Attorney David Chesnoff due to Fodor Development no longer being an active corporation. Notice of Filing Service of Process, ECF No. 42-1, p. 14, 16-17, 25-102.

On December 26, 2019, the United States Attorney's Office (USAO) served Harold Foonberg, c/o Evan Jeness, Esq., by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 3, 6-7, 9-86, 88-90.

On December 26, 2019, the USAO attempted to serve F&S Partners, LP, c/o Registered Agent, John Von Helms, by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice.

The mail was returned as not deliverable as addressed. F&S Partners, LP, cancelled their business registration on February 4, 2019 per the California Secretary of State, and F&S Partners, LP, no longer exists. Notice of Filing Service of Process, ECF No. 43-1, p. 3, 6-7, 9-86, 91-95, 115.

On December 26, 2019, the USAO served Federal Pants, Co., Inc., c/o Registered Agent, Harold Foonberg, by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 3, 6-7, 9-86, 96-98.

On December 26, 2019, the USAO served MGRS Holding Limited Partnership, c/o Registered Agent, Law Offices of David R. Straus LLC, by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 3-4, 6-7, 9-86, 99-101.

On December 26, 2019, the USAO served Herbert Frey by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 4, 6-7, 9-86, 102-104.

On December 26, 2019, the USAO served Hefetz by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 4, 6-7, 9-86, 105-107.

On December 26, 2019, the USAO served Block 16, LLC, c/o Registered Agent, Yvette E. Landau, by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the

Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 4, 6-7, 9-86, 108-110.

On December 26, 2019, the USAO served Block 16, LLC, c/o Managing Member, Melissa Richardson Akkaway, by regular and certified return receipt mail with the Amended Complaint for Forfeiture in Rem, the Amended Order for Summons and Warrant of Arrest in Rem, the Amended Summons and Warrant of Arrest in Rem, and the Notice. Notice of Filing Service of Process, ECF No. 43-1, p. 4, 6-7, 9-86, 111-113.

On December 16, 2019, William Richardson filed a claim. Claim, ECF No. 33.

On December 16, 2019, William Richardson Trust filed a claim. Claim, ECF No. 34.

On December 31, 2019, Hefetz filed a claim. Claim, ECF No. 36.

On January 14, 2020, this Court ordered an extension of time for William Richardson to file Answers to the Amended Complaint and for Harvey Vechery to file a valid Claim and Answer to the Amended Complaint, ECF No. 38.

On January 16, 2020, Hefetz filed an Answer to the Amended Complaint. Answer, ECF No. 39.

On March 4, 2020, the United States filed a Stipulation for Entry of Judgment of Forfeiture as to Hefetz, ECF No. 46.

On March 13, 2020, the Court granted the Stipulation for Entry of Judgment of Forfeiture as to Hefetz, ECF No. 48

On April 24, 2020, this Court ordered a second extension of time for William Richardson to file Answers to the Amended Complaint and for Harvey Vechery to file a valid Claim and Answer to the Amended Complaint, ECF No. 52.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Harold Foonberg is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 1.

/ / /

9

Herbert Frey is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 2.

Hefetz is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 3.

Harold Foonberg is neither a minor nor an incompetent person.

Herbert Frey is neither a minor nor an incompetent person.

Hefetz is neither a minor nor an incompetent person.

On March 13, 2020, the United States filed a Motion for Entry of Clerk's Default against the $158,677.17; $761,515.36; $844,586.92; Harold Foonberg; F&S Partners, LP; Federal Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Hefetz; Block 16, LLC; Fodor Development; AW Financial Group, LLC, and all persons or entities who may claim an interest in the defendant property in the above-entitled action except William Richardson, William Richardson Trust, and Harvey Vechery. Motion for Entry of Clerk's Default, ECF No. 49.

On May 11, 2020, the Clerk of the Court entered a Default against the $158,677.17; $761,515.36; $844,586.92; Harold Foonberg; F&S Partners, LP; Federal Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Hefetz; Block 16, LLC; Fodor Development; AW Financial Group, LLC, and all persons or entities who may claim an interest in the defendant property in the above-entitled action except William Richardson, William Richardson Trust, and Harvey Vechery. Entry of Clerk's Default, ECF No. 53.

**III. The Requirements for Default were met.**

### A. Legal Standard

Civil forfeiture cases have five requirements that must be fulfilled to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the Complaint is legally sufficient to support a reasonable belief that the government will be

able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); and (5) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5).

Civil cases that do not directly address forfeiture have seven factors that the Court must consider before entry of default: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMD-WGC, 2019 WL 4601513, 3 (D. Nev. Sept. 20, 2019); *Covenant Care California, LLC v. Shirk*, No. 217CV00956JADVCF, 2018 WL 3429669, 1 (D. Nev. July 16, 2018).

For purposes of a default judgment, the well-pled allegations of the Complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the Complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**B. The Forfeiture Requirements for Default Were Met.**

**a. Judgment Sought**

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the Amended Complaint for forfeiture.

**b. Default and Entry of Default**

As shown above, the United States requested entry of Clerk's Default against the $158,677.17; $761,515.36; $844,586.92; Harold Foonberg; F&S Partners, LP; Federal

Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Hefetz; Block 16, LLC; Fodor Development; AW Financial Group, LLC, and all persons or entities who may claim an interest in the defendant property in the above-entitled action except William Richardson, William Richardson Trust, and Harvey Vechery, ECF No. 49. The Clerk entered the Default as requested, ECF No. 53.

### c.  Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days, ECF No. 41. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Amended Complaint, the Amended Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Amended Summons and Warrant of Arrest in Rem for the Property, and the Notice of Amended Complaint for Forfeiture and Arrest on all known potential claimants, ECF No. 42, 43.

### d.  Legal Sufficiency of the Complaint

The Amended Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue. The Amended Complaint described the defendant property with reasonable particularity. The Amended Complaint states where the seizure of the defendant property occurred and its current location. The Amended Complaint identifies the statutes under which the forfeiture action is brought. The Amended Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. Rule G(2); Amended Complaint, ECF No. 28.

### e.  Status of Potential Claimants

On December 16, 2019, William Richardson filed a claim. Claim, ECF No. 33.

On December 16, 2019, William Richardson Trust filed a claim. Claim, ECF No. 34.

On December 31, 2019, Hefetz filed a claim. Claim, ECF No. 36.

/ / /

On January 14, 2020, this Court ordered an extension of time for William Richardson to file Answers to the Amended Complaint and for Harvey Vechery to file a valid Claim and Answer to the Amended Complaint, ECF No. 38.

On January 16, 2020, Hefetz filed an Answer to the Amended Complaint. Answer, ECF No. 39.

On March 4, 2020, the United States filed a Stipulation for Entry of Judgment of Forfeiture as to Hefetz, ECF No. 46.

On March 13, 2020, the Court granted the Stipulation for Entry of Judgment of Forfeiture as to Hefetz, ECF No. 48.

On April 24, 2020, this Court ordered a second extension of time for William Richardson to file Answers to the Amended Complaint and for Harvey Vechery to file a valid Claim and Answer to the Amended Complaint, ECF No. 51.

The claims for William Richardson, William Richardson Trust, and Harvey Vechery are still pending resolution and default is not sought against claimants at this time.

No other person or entity has filed a claim and the time to file a claim has passed.

**C. The Civil Requirements for Default Were Met.**

**a. The Plaintiff Would be Prejudiced Without a Judgment**

The government would be prejudiced if it were to try this case rather than obtain a default judgment, since a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the Amended Complaint established sufficient evidence of the status and forfeitability of the defendant property, and that evidence is uncontested by Harold Foonberg; F&S Partners, LP; Federal Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Hefetz; Block 16, LLC; Fodor Development; AW Financial Group, LLC. *United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, 2 (D. Nev. Nov. 10, 2014) ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.")

*/ / /*

**b. & c. The Plaintiff's Claims are Meritorious and the Complaint is Sufficient.**

As shown in the statement of the case above, the government has a clear case against the defendant property and the Amended Complaint sufficiently alleges the facts of the case.

**d.  The Amount of Money at Stake**

The value of the defendant property at stake was clearly established in the Amended Complaint, ECF No. 28, and the defendant property is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

> Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants conduct. Plaintiff has provided evidence that the currency, a sum of $24,000, was furnished or intended to be furnished in exchange for marijuana, a serious violation of federal law.

*United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, No. 02:09-CV-2319-LRH, 2010 WL 2695637, 3 (D. Nev. July 2, 2010) (quotation marks and citation omitted). The Amended Complaint alleges the serious crimes of wire fraud and money laundering. The money at stake is the illegal proceeds resulting from the transactions relating to the wire fraud and money laundering.

**e.  There Are No Possible Disputes of Material Fact**

No issues of material fact exist and the allegations of the Amended Complaint are established as a matter of law. The defendant property is subject to forfeiture because law enforcement can demonstrate that the defendant property:

   a.   constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

   b.   was involved in transactions or attempted transactions in violations of 18 U.S.C. § 1956, or any property traceable to such

14

property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

c.  constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

d.  was involved in transactions or attempted transactions in violations of 18 U.S.C. § 1957, or any property traceable to such property, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

e.  constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### f.  Default Was Not the Result of Excusable Neglect

The record shows Hefetz was properly served with the Amended Complaint, Amended Order, Amended Summons and Warrant, and the Notice. He filed a claim and an answer but withdrew them and agreed to the forfeiture order in the Stipulation for Entry of Judgment of Forfeiture, ECF Nos. 36, 39, 48. The other claimants were properly served with the Amended Complaint, Amended Order, Amended Summons and Warrant, and the Notice and failed to file a valid claim and an answer to the Amended Complaint. There is no evidence of excusable neglect.

### g.  Public Policy Does not Prevent Default Judgment

Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the potential claimants did not file a valid claim and an answer to the government's Amended Complaint and Hefetz agreed to the forfeiture.

15

While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits. As F.R.C.P. 55 indicates, one such instance is when a party fails to defend against an action, which is exactly what [claimants] failed to do in this case. Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment.

*Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, 3 (N.D. Cal. Feb. 13, 1996).

Denying the government's motion would not further public policy. While cases should be decided on the merits when possible, the claimants and potential claimants have not contested the facts of the Amended Complaint or the forfeiture of the defendant property, which makes a decision on the merits impractical. Therefore, a final default judgment of forfeiture is appropriate. *See Covenant Care California*, 2018 WL 3429669 at 2.

**IV. Judgment**

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Harold Foonberg; F&S Partners, LP; Federal Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Block 16, LLC; Fodor Development; AW Financial Group, LLC; and all persons or entities who may claim an interest in the defendant property and Final Judgment of Forfeiture as to the $158,677.17; $761,515.36; $844,586.92; and Hefetz, except as to the interests of William Richardson, William Richardson Trust, and Harvey Vechery.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered as to Harold Foonberg; F&S Partners, LP; Federal Pants Co., Inc.; Herbert Frey; MGRS Holding Limited Partnership; Block 16, LLC; Fodor Development; AW Financial Group, LLC; and all persons or entities who may claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $158,677.17; $761,515.36; $844,586.92; and Hefetz, except as to the interests of William Richardson, William Richardson Trust, and Harvey Vechery.

/ / /

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant

2  property be, and the same is hereby forfeited to the United States of America, and no

3  possessory rights, ownership rights, and no rights, titles, or interests in the property shall

4  exist in any other party, except as to the interests of William Richardson, William

5  Richardson Trust, and Harvey Vechery.

6    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

7  reasonable cause for the seizure or arrest of the defendant property.

8

9  _____

10  UNITED STATES DISTRICT JUDGE

11  Dated: June 3, 2020.